UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAMELA KLEIN,<br><br>                    Plaintiff,<br><br>vs.<br><br>CONSOLIDATED-TOMOKA LAND CO.,<br><br>                    Defendant. | Civil Action No.: 18-2035 |

Plaintiff Pamela Klein ("Plaintiff"), by her undersigned attorneys, alleges the following based upon personal knowledge as to her own acts and information and belief as to all other matters, based upon the investigation conducted by and through her attorneys:

**NATURE OF THE ACTION**

1.      Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101, lists information required to be in a proxy statement pursuant to 15 U.S.C. § 78n(a), and requires that "[i]f action is to be taken with respect to any [compensation] plan pursuant to which cash or noncash compensation may be paid or distributed" certain information must be furnished to shareholders.

2.      Defendant Consolidated-Tomoka Land Co. ("Consolidated-Tomoka" or the "Company") furnished shareholders with a definitive proxy statement issued through the Securities and Exchange Commission's ("SEC") Electronic Data Gathering, Analysis, and Retrieval system ("EDGAR") on Schedule 14(a) on March 12, 2018 (the "Solicitation")[1] which included five shareholder proposals, some of which are contested, that required shareholder

---

[1] The Solicitation states that "On or about March 14, 2018, the Company commenced mailing and made available electronically to our shareholders: (1) the definitive proxy statement for the Annual Meeting; (2) a proxy card and voting instructions; and (3) a copy of our 2017 Annual Report to Shareholders, which includes our Annual Report on Form 10-K for the fiscal year ended December 31, 2017, and our audited consolidated financial statements included therein (collectively, the "2017 Annual Report")."

action to approve. Of those five proposals, the fourth proposal ("Proposal 4") seeks shareholder action, by way of a vote, to "Approve an amendment to the Consolidated-Tomoka Land Co. Amended and Restated 2010 Equity Incentive Plan to increase the number of shares authorized for issuance thereunder, to extend the term of the plan and to make certain amendments to the terms of the plan as described in the proxy statement[.]"

3. According to the Solicitation, the Consolidated-Tomoka Land Co. Amended and Restated 2010 Equity Incentive Plan (the "Plan" or the "Second Restated Equity Plan") "provides the Compensation Committee flexibility to design compensatory awards that are responsive to the Company's needs. Subject to the terms of the 2010 Plan, the Compensation Committee has the discretion to determine the terms of each award. Awards under the 2010 Plan may be in the form of stock options, stock appreciation rights, restricted shares, restricted share units, performance shares and performance units. Employees of the Company and its subsidiaries and nonemployee directors may be selected by the Compensation Committee to receive awards under the 2010 Plan."

4. As described below, Proposal 4 does not comply with the SEC's disclosure requirements for proxy statements, codified at Item 10(a)(1) of 17 C.F.R. § 240.14a-101.

5. Because of Defendant's non-compliance with 17 C.F.R. § 240.14a-101, Plaintiff, a shareholder of the Company whose vote is solicited, brings this stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. § 78n(a), and the rules and regulations of the SEC, to enjoin a vote by its shareholders on Proposal 4 in the Solicitation for the annual meeting of Consolidated-Tomoka shareholders scheduled for April 25, 2018 (including any adjournments or postponements thereof, the "Annual Meeting").

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

7. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

8. Venue is proper in this District because, as allowed under Section 27(a) of the Exchange Act, this District is where the violation at issue in this case occurred because numerous Solicitations, including Plaintiff's, were or will be mailed to Consolidated-Tomoka shareholders residing in this District.

**PARTIES**

9. Plaintiff was a Consolidated-Tomoka shareholder as of the close of business on March 2, 2018, is entitled to notice of, and to participate in and vote at, the Annual Meeting.

10. Consolidated-Tomoka is a corporation organized under the laws of Florida that maintains its principal place of business at 1140 North Williamson Blvd., Ste. 140, Daytona Beach Fl 32114. According to the Solicitation, "[a]t the close of business on March 2, 2018, there were 5,595,040 shares of our common stock outstanding and entitled to vote at the Annual Meeting." Consolidated-Tomoka's stock is traded on the NYSE American stock exchange under the symbol "CTO". Consolidated-Tomoka is a Florida-based publicly traded real estate company, which owns a portfolio of income investments in diversified markets in the United States including more than 2.1 million square feet of income properties, as well as approximately 8,100 acres of land in the Daytona Beach area.

**Wrongful Acts and Omissions**

11. Consolidated-Tomoka has scheduled its annual shareholders' meeting for April 25, 2018. According to the Solicitation, Consolidated-Tomoka's Board of Directors (the

3

"Board") established that "[t]he record date for determining the shareholders entitled to receive notice of and to vote at the Annual Meeting is March 2, 2018."

12. Proposal 4 requests that Consolidated-Tomoka's shareholders vote to:

> Approve an amendment to the Consolidated-Tomoka Land Co. Amended and Restated 2010 Equity Incentive Plan to increase the number of shares authorized for issuance thereunder, to extend the term of the plan and to make certain amendments to the terms of the plan as described in the proxy statement[.]

13. The Company is seeking shareholder approval of Proposal 4, in part, because:

> As of March 2, 2018, 3,878 Shares remained available for grant under the Existing Equity Plan. In determining the number of additional Shares requested for authorization, the Board of Directors and the Compensation Committee carefully considered our anticipated future equity needs, our historical equity compensation practices (including our historical "burn rate," as discussed below) and the advice of Korn Ferry. The additional Shares being requested for authorization under the Second Restated Equity Plan is 270,000 Shares.

14. Proposal 4 does not provide the legally required information because it does not provide sufficient information for Consolidated-Tomoka stockholders to understand how many participants are eligible to participate in the Plan, and thus it does not comply with Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101, which requires:

> *Item 10. Compensation Plans.* If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> (**a**) *Plans subject to security holder action.*
>
> (**1**) Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

4

15. Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 4 only tells stockholders the following about who will receive these awards:

> *Administration*. The Plan is administered by the Compensation Committee of the Board of Directors. Awards are approved by the Compensation Committee. The Plan provides the Compensation Committee flexibility to design compensatory awards that are responsive to the Company's needs. Subject to the terms of the Plan, the Compensation Committee has the discretion to determine the terms of each award. The Compensation Committee will be composed to comply with the requirements under applicable laws and regulations. For example, the Compensation Committee will meet the independence requirements of NYSE American and the "non-employee director" requirements under the Exchange Act, for awards granted to individuals subject to Section 16 of the Exchange Act.
>
> *Awards; Eligibility*. Awards under the Plan may be in the form of stock options (nonqualified stock options or incentive stock options), stock appreciation rights, restricted shares, restricted share units, performance shares, performance units and stock payments. Employees of the Company and its subsidiaries and non-employee directors may be selected by the Compensation Committee to receive awards under the Plan.

16. Elsewhere, the Solicitation states:

> Employees of the Company and its subsidiaries and nonemployee directors may be selected by the Compensation Committee to receive awards under the 2010 Plan. Awards (other than stock options and stock appreciation rights) will be counted against the 2010 Plan maximum number of available shares in a 1.41-to-1 ratio. Time-vested full value awards, such as restricted stock, are used primarily as a retention tool. While time-vested full value equity awards do not reward stock price growth to the same extent as stock options or performance-conditioned awards, the Compensation Committee believes that time-vested full value awards enhance the alignment between employees and shareholders, and serve as a competitive retention vehicle.

17. The Solicitation omits the approximate number of persons who qualify as eligible participants under the Plan. While the Solicitation states that the Company has 14 employees, it

5

does not state anything about the Company's subsidiaries' employees who are eligible to participate in the Plan. Because the Company's most recent Form 10-K lists approximately fifty-five subsidiaries,[2] and employees of those subsidiaries are also eligible to participate in the Plan, the Company must indicate the approximate number of persons in each class of persons who will be eligible to participate therein, and state the basis of such participation.

18. As a result of the above defects, the Solicitation does not inform shareholders of how many participants may be awarded the 270,000 shares that Consolidated-Tomoka's stockholders are being asked to approve or the basis of their receipt of such awards.

19. Such information is especially important here, where the "Wintergreen Funds", which collectively own approximately 27.82% of the voting securities outstanding, have staged a proxy contest, nominated its own slate of three directors, and has indicated it intends to vote against Proposal 4 because:

> Wintergreen believes that until such time that clear criteria for awarding shares is presented to shareholders, along with guidelines requiring that stock be held for multiple years once grants and options have vested, among other items, that no further stock awards should be approved.
>
> The Board's Compensation Committee has used the approved share pool to provide gifts of stock to management under the guise that it aligns management with shareholders. However, in the majority of cases, management sells the stock as soon as it vests – which is contrary to the stated purpose of the awards and must be corrected before any further gifting of stock takes place. Selling stock as soon as it vests is to sell the stock at the first moment in time when it is owned by the employee. Wintergreen believes that to align employee interests with shareholders, the employee should own the stock over a period of time in the same manner that investors do. The parallel ownership of stock by the employee and the investor is at the heart of the purpose of awarding stock to align the employee and the investor's interests. When both own the

---

[2] https://www.sec.gov/Archives/edgar/data/23795/000155837018001296/cto-20171231ex211f46026.htm.

6

        stock at the same time there is a common ground of wanting the company stock to do well so that both the employee who has been gifted stock and the investor who bought stock will have a commonality of interest in the stock value rising, narrowing the discount between market price and NAV.

20. This contravention of the SEC rules renders the Solicitation unlawful under § 14(a) of the Exchange Act.

21. The preceding paragraphs state a direct claim for relief against Consolidated-Tomoka under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC.

22. As a result of these actions, Plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Plan allows for the issuance of 270,000 shares, or almost 5% of the Company's outstanding equity, worth approximately $16,500,000 be granted to an unknown number of persons who qualify as Eligible.

23. It is necessary for the Court to take action to enjoin the vote beforehand to prevent shares from being distributed to participants based on an uninformed vote that lacks proper and informed shareholder approval because unwinding awards following the April 25, 2018 vote would be impracticable.

24. To ameliorate injury, injunctive relief is required in the form of the Court ordering that a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1), and which is timely furnished to shareholders.

25. Consolidated-Tomoka should be enjoined from presenting Proposal 4 for a stockholder vote at the Annual Meeting or certifying or otherwise accepting any vote cast in connection with Proposal 4 unless the appropriate amendments are timely made.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor, and against Consolidated-Tomoka, as follows:

(A) A preliminary and permanent injunction, enjoining Consolidated-Tomoka from:

    i. presenting Proposal 4 for a shareholder vote at the Annual Meeting unless a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

    ii. certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Consolidated-Tomoka stockholder in connection with Proposal 4 in the Solicitation unless a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

(B) A preliminary and permanent injunction requiring Consolidated-Tomoka to furnish a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1);

(C) A preliminary and permanent injunction enjoining Consolidated-Tomoka from otherwise proceeding at its Annual Meeting, or at any other time, in a manner inconsistent with Item 10(a)(1);

(D) Awarding Plaintiff reasonable attorney's fees and expenses incurred in bringing this action and in creating a benefit for all of Consolidated-Tomoka's shareholders to the extent that a common benefit is conferred, and;

(E)     Granting such other and further relief as this Court may deem just and proper.

Dated: April 5, 2018

                                            STULL, STULL & BRODY

                                            By: /s/ Mark Levine
                                            Mark Levine
                                            6 East 45th Street
                                            New York, NY 10017
                                            Phone: (212) 687-7230
                                            Fax: (212) 490-2022
                                            abrody@ssbny.com
                                            mklein@ssbny.com

                                            *Attorneys for Plaintiff*